REGAN, Judge.
The defendant herein, Paul Fayard, Jr., has appealed to this court from an adverse judgment of the lower court which resulted from a rule filed by him to show cause why the plaintiff, Mrs. Lorna Fayard, should not account to him for dividend income emanating from her separate and parapher-nal property, which he asserted represented part of the community of acquets and gains which formerly existed between them.
After a hearing on the defendant’s rule, the lower court rendered judgment which pronounced that Mrs. Fayard was not indebted to the community for any of the interest or dividends which emanated from *293 her paraphernal property. From that judgment, the defendant has prosecuted this appeal.
However, subsequent to the time that the defendant perfected his appeal but prior to the lodging of the transcript in this court, the parties entered into a notarial act of partition, whereby they divided the property belonging to the community of acquets and gains, and recognized the separate property belonging to each. Despite the existence of the agreement, the defendant continued in the prosecution of this appeal; the case was regularly docketed in this court, and both counsel filed briefs in support of their respective contentions. When this case was called for oral argument on its merits, plaintiff’s counsel informed us that he had filed a motion to dismiss the defendant’s appeal for the reason that the notarial act of partition of the community had settled all issues between the plaintiff and the defendant so that the appeal become moot in consequence thereof.
Counsel for the defendant, in opposing the plaintiff’s motion to dismiss, admits that the act of partition was signed by the respective litigants but insists that the problems posed for our consideration on the appeal hereof were not disposed of by the act of partition.
An analysis of the document executed by the parties clearly discloses that it was voluntary, complete, and unconditional, and that the intention of the parties thereto was to completely establish the rights of the respective parties to the various items of property which formerly constituted the community between them.
The act of partition, after reciting that the community of acquets and gains between the parties was dissolved by a judgment of the Civil District Court for the Parish of Orleans, stipulated that:
“WHEREAS, appearers now desire to settle and partition the property constituting said community of acquets and gains, and also to recognize and acknowledge the separate property belonging to each, respectively:
“NOW THEREFORE, in consideration of the foregoing, it is agreed by and between appearers as follows
The entire tenor of the agreement effecting the partition of the community clearly reveals that it was the intention of the parties to settle once and for all the disputes between them, and to set at rest finally the issue as to which items constituted community property and which items belonged to their separate estates.
Moreover, the document contains no reservation of any rights whatsoever with respect to the appeal pending in this court, and the agreement finally provides that the court costs and attorney’s fees which were incurred after the judgment of separation should be paid by each of the parties individually.
In view of what we have said herein-above, we are convinced that the act of partition executed by the respective litigants constituted a voluntary, unconditional and definitive settlement of the dispute between them, rendering any further litigation in connection therewith moot.
For the foregoing reasons, the plaintiff’s motion to dismiss the defendant’s appeal is granted, and the appeal is hereby dismissed at his costs.
Motion granted.